UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**2 5 CRIM 5 7 7**

---

UNITED STATES OF AMERICA

v.

GIOVANNI PENNETTA,

Defendant.

**SEALED INDICTMENT**

25 Cr.

---

**COUNT ONE**
**(Securities Fraud)**

The Grand Jury charges:

1.      From at least in or about 2019 through at least in or about 2025, GIOVANNI
PENNETTA, the defendant, used his investment advisory business to defraud individuals seeking
to invest in private companies. PENNETTA's scheme to defraud involved soliciting millions of
dollars from victims by falsely representing that he had access to shares in private companies and
could provide investors with economic exposure to those companies through investment vehicles
he controlled. In reality, PENNETTA did not have access to the shares he promised, and the
investment interests he sold did not provide the exposure he had guaranteed. Instead, PENNETTA
misappropriated much of the victims' funds for his personal use. As a result, PENNETTA's
scheme caused millions of dollars in losses.

2.      GIOVANNI PENNETTA, the defendant, is the managing member of Sestante
Capital LLC ("Sestante"), which is based in New York, New York. Sestante, in turn, is the
managing member of, and the investment adviser to, NextGenTech Investments LLC
("NextGenTech"), a private fund that purports to offers investors economic exposure to equity
securities through membership interests in series controlled by the fund.

3.      Beginning in or about 2019 and continuing through 2025, GIOVANNI PENNETTA, the defendant, repeatedly misrepresented to victims that he had access to shares of private companies and could offer victims investment interests in those shares through NextGenTech. When investors transferred money to PENNETTA, however, he accepted the victims' funds but did not provide them with the investment interests he had promised because, in fact, PENNETTA did not have access to the shares and had intentionally misled investors when he had told them otherwise.

4.      For example, beginning in or about 2021, GIOVANNI PENNETTA, the defendant, targeted investors interested in Anduril Industries, Inc. ("Anduril"), a private defense technology company that develops systems for military applications. PENNETTA obtained millions of dollars from multiple victims by fraudulently soliciting investments in Anduril. PENNETTA represented to those victims that he had access to Anduril shares and offered to sell his victims economic exposure to those shares by having them purchase membership interests in particular series of NextGenTech. PENNETTA made these false representations during in-person meetings, phone calls, and electronic communications, some of which took place in New York, New York. In certain of those communications, PENNETTA provided his victims with documents purporting to show his access to Anduril shares and purporting to show that particular series of NextGenTech offered exposure to Anduril shares. Among other representations, PENNETTA invoked the names of individuals associated with Anduril, as sources of PENNETTA's access to Anduril shares.

5.      The representations made by GIOVANNI PENNETTA, the defendant, were false. In fact, PENNETTA did not have access to Anduril shares, and NextGenTech did not have exposure to Anduril shares. The victims who paid NextGenTech millions of dollars based on PENNETTA's promises received no economic exposure to Anduril shares whatsoever. Instead,

PENNETTA transferred much of the victims' funds to his personal bank account.

## STATUTORY ALLEGATIONS

6.     From at least in or about 2019 through at least in or about 2025, in the Southern District of New York and elsewhere, GIOVANNI PENNETTA, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, PENNETTA engaged in a scheme to fraudulently obtain victims' money by falsely representing that he had access to shares of private companies and that his victims could gain economic exposure to those shares by purchasing membership interests in series of NextGenTech, and PENNETTA sent and received, and caused others to send and receive, electronic communications to and from New York, New York and elsewhere, in furtherance of that scheme.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

7.     The allegations contained in paragraphs 1 through 5 of this Indictment are hereby

repeated, realleged, and incorporated by reference, as if fully set forth herein.

8.      From at least in or about 2019 through at least in or about 2025, in the Southern District of New York and elsewhere, GIOVANNI PENNETTA, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, PENNETTA engaged in a scheme to fraudulently obtain victims' money by falsely representing that he had access to shares of private companies and that his victims could gain economic exposure to those shares by purchasing membership interests in series of NextGenTech, and PENNETTA sent and received, and caused others to send and receive, electronic communications to and from New York, New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury further charges:

9.      The allegations contained in paragraphs 1 through 5 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

10.     From at least in or about 2019 through at least in or about 2025, in the Southern District of New York and elsewhere, GIOVANNI PENNETTA, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, PENNETTA used the names of other persons during and in relation to

the wire fraud violation charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1),
1028A(b), and 2.)

## FORFEITURE ALLEGATION

11.    As a result of committing the offenses alleged in Counts One and Two of this

Indictment, GIOVANNI PENNETTA, the defendant, shall forfeit to the United States, pursuant

to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section

2461(c), any and all property, real and personal, that constitutes or is derived from proceeds

traceable to the commission of said offenses, including but not limited to a sum of money in United

States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

12.    If any of the above-described forfeitable property, as a result of any act or omission

of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided

            without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

*Jay Clayton / sgr*

JAY CLAYTON
United States Attorney

6